IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CR-29-FL-2
NO. 4:19-CV-104-FL

| | | |
|---|---|---|
| HUBERTO ESPINDOLA-SOTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, (DE 160), which challenges petitioner's judgment of conviction in light of the Supreme Court's rulings in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 169). The issues raised are ripe for ruling. For the reasons that follow, the court grants respondent's motion to dismiss and dismisses petitioner's motion.

**BACKGROUND**

On June 14, 2016, petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2. On December 6, 2016, the court sentenced petitioner to 146 months' imprisonment and five years' supervised release. Petitioner did not appeal his judgment of conviction.

On July 18, 2019, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, asserting that his § 924(c) conviction should be vacated in light of Johnson and Davis. On October 30, 2019, respondent filed the instant motion to dismiss. Petitioner did not respond to the motion.

**DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(i). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. 139 S. Ct. at 2336. Davis, however, does not call into question § 924(c)(2)'s definition of drug trafficking crime. Id.; see also In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019); United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (holding that where jury found defendant's § 924(c) conviction was supported by drug trafficking crime and crime of violence, the court need not consider challenge to the predicate crime of violence). The predicate offense supporting petitioner's § 924(c) conviction is possession with intent to distribute 500 grams or more of cocaine and 500 grams or more of methamphetamine, which qualifies as a drug trafficking crime under § 924(c)(2). (See Indictment, count three (DE 1)). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Johnson.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 169), and DISMISSES petitioner's motion to vacate, (DE 160). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of February, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge